No. 21,481.

STATE OF KANSAS, ex rel. S. M. BREWSTER, as Attorney-general, etc., *Plaintiff*, v. L. M. CRAWFORD et al., *Defendants.*

SYLLABUS BY THE COURT.

1. MOVING PICTURE—*Approved by Board of Review—Recall for Reëxamination.* The Kansas board of review, when approving a motion picture film, does so subject to subsequent recall for reëxamination.

2. SAME—*Recall Enforced by Mandamus.* Upon such recall, a duty of the producer arises to return the film for reëxamination, the performance of which duty may be required by mandamus.

3. SAME—*Recall—No Presumption of Bad Faith.* The evidence examined, and found not to raise the presumption that in the work of such reëxamination the members of the board will act in bad faith.

Original proceeding in mandamus. Opinion filed May 11, 1918. Writ allowed.

*S. M. Brewster,* attorney-general, *S. N. Hawkes,* and *J. L. Hunt,* assistant attorneys-general, for the plaintiff.

*J. J. Schenck,* and *Edwin D. McKeever,* both of Topeka, for the defendants.

The opinion of the court was delivered by

WEST, J.:  Chapter 308 of the Laws of 1917, section 6, provides that the Kansas state board of review shall examine films,

"and shall approve such films, reels, folders, posters and advertising matter which are moral and proper; and shall disapprove such as are cruel, obscene, indecent or immoral, or such as tend to debase or corrupt morals."

On May 5, 1917, the film known as "The Birth of a Nation" was presented to the board, and in the afternoon, after some discussion, it was announced that after certain eliminations had been made the picture would be passed, and a card or certificate approving it and indorsing the eliminations required was prepared.  These eliminations were agreed to.  The film was left with the board until the evening of Monday, May 7, when it was shipped to a representative of the picture company, the certificate having been signed and delivered.  On May 9, 1917, the following order was mailed the producer:

"The Board of Review of Motion Pictures, Kansas, hereby orders the recall of the film 'Birth of a Nation' for reëxamination, and we are giving you the official thirty days' notice.  In the meantime, of course, there must be no exhibition of the picture in the state."

Section 17 of the act is as follows:

"The board may order a reëxamination of any film, or reel, approved by it, upon giving 30 days' written notice to the owner of said film or reel.  At such reëxamination the board may make such order as would be proper upon the original examination."

The order to return was not complied with, and the state brings this action in mandamus to compel the producer to deliver up to the board of review the certificate heretofore issued and waive all rights thereunder, or in the alternative immediately to submit such picture to the board for review and reëxamination in accordance with the notice, or show cause why it has not done so.

The defendants plead the order of approval, and allege that all the members of the board were satisfied therewith until two of them were adversely influenced by certain prominent and influential outside persons; that there is no just cause or reason to recall the picture; that the recall was not the voluntary

act of the board done in good faith, but that two members yielding to outside pressure ordered the return, not for reëxamination, but for rejection; that there is nothing in the film as eliminated which authorizes rejection; and that there is resting on the defendants no duty "resulting from an office, trust, or station" (Gen. Stat. 1915, § 7646), so as to make mandamus applicable.

The controversy has assumed much wider proportions than need be covered by this opinion.

The court having considered each point and argument, each claim, charge and countercharge, the majority decide and hold that the certificate of approval was given and received subject to subsequent recall of the film for reëxamination; that upon such recall a duty arose of a public or quasi-public character to comply therewith; that the matter of censorship being one affecting public morals, the duty to return is of such nature that its performance may be required by mandamus. In view of the presumption that public officers will do their duty and act fairly, the evidence of opinions already formed by two members of the board, and of the pressure of views expressed to them by others, does not raise the counter presumption that in such reëxamination such members will not act in good faith. Should bad faith be actually shown, relief may be had in the courts.

The writ is allowed.

WEST, J. (dissenting): The recall of itself worked a cessation of exhibition. The effect, therefore, of the former approval was nullified. The mere formality of another examination and determination is nothing in the remotest degree calling for the exercise of the extraordinary remedy of mandamus.

Holding these views, I think the writ should be unhesitatingly denied.

DAWSON, J. (dissenting): I care nothing about the merits or demerits of this picture, and recognize that unless the censors act arbitrarily their judgment as to its fitness or unfitness to be exhibited in Kansas is conclusive. But this is an original case where this court must determine the facts from the evidence, just as any trial court ordinarily does; and I am convinced from the evidence that the return of the picture is not

demanded by the censors for reëxamination, but for rejection, and I know of no law nor of any principle of law which imposes upon the owners of this picture any corporate or official duty to return it for that purpose. Where there is no such corporate or official duty mandamus is not the remedy. I therefore dissent.